IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LUIS HUMBERTO SANCHEZ-ACADIA, Petitioner, | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION FOR REDUCTION OF SENTENCE |
| vs. | |
| UNITED STATES OF AMERICA, Respondent. | Civil Case No. 2:09-CV-73 TS  Criminal Case No. 2:07-CR-572 TS |

This matter is before the Court on Petitioner's Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Petitioner was indicted on three counts of narcotics trafficking in August 2007. On March 5, 2008, Petitioner pleaded guilty to Count 36 of the Indictment, Possession of Heroin with Intent to Distribute. As part of his plea agreement, Petitioner agreed to waive his right to appeal or collaterally attack his sentence. On May 29, 2008, Petitioner was sentenced to 36 months imprisonment. Upon release, Petitioner was to be remanded for deportation hearings. Petitioner did not file a direct appeal. Petitioner timely filed this Motion on January 29, 2009.

1

In his Motion, Petitioner argues that he is entitled to a downward departure based on his status as a deportable alien. Petitioner raises an ineffective assistance claim on this same ground. Additionally, Petitioner makes an Equal Protection argument.

## II.  ANALYSIS

A.   APPEAL WAIVER

In his plea agreement,[1] Petitioner waived both his direct and collateral appeal rights as follows:

> (2)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal a sentence (1) above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report;
> (2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.[2]

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[3] In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the

---

[1] Docket No. 189 in Case No. 2:07-CR-572 TS.

[2] *Id*. at ¶ 12.

[3] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[4]

    1.    *Scope of Appeal Waiver*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[5]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255. The Court detects no ambiguity whatsoever in the language. Thus, the claims in Petitioner's Motion fall within the scope of the waiver.

    2.    *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[6] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[7] and (2) whether there was

---

[4] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

[5] Docket No. 189 ¶ 12 in Case No. 2:07-CR-572 TS.

[6] *Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[7] *Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

"an adequate Federal Rule of Criminal Procedure 11 colloquy."[8]  Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may now know the *specific detailed* consequences of invoking it."[9]

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily.  The language of the appeal waiver states that "[f]ully understanding my limited right to appeal my sentence . . . I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined" and further that "I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[10]

Next, the Court considers whether there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner.  The Court notes that Petitioner bears the "burden to present evidence from the record establishing that he did not understand the waiver."[11]  Having reviewed the plea colloquy, the Court finds that it was adequate under Rule 11.

---

[8]*Id*. (internal citations omitted).

[9]*United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

[10]Docket No. 189 ¶ 12 in Case No. 2:07-CR-572 TS.

[11]*United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

In addition to the plea colloquy, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No one has made threats, promises, or representations to me that have caused me to plead guilty. . . . I have discussed this case and this plea with my lawyer as much as I wish to. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants. I have no mental reservations concerning the plea."[12]

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

3.   *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[13]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[14]

---

[12] Docket No. 189 in Case No. 2:07-CR-572 TS.

[13] *Hahn*, 359 F.3d at 1327 (internal citations omitted).

[14] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

Petitioner bears the burden of establishing a miscarriage of justice.[15]

First, there is no evidence that the Court relied upon an impermissible factor. Second, Petitioner's ineffective assistance of counsel claim does not allege ineffective assistance in connection with the waiver or the plea. Third, the sentence issued here did not exceed the statutory maximum. Finally, the waiver is not otherwise unlawful and does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

The Court finds that this collateral appeal is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice. Therefore, this Court will enforce Petitioner's waiver. Even if considered on the merits, however, Petitioner's claims fail.

B.   DOWNWARD DEPARTURE

Petitioner claims that he is entitled to a downward departure based on his status as a deportable alien. A number of courts, including this one, have rejected that argument.[16] This Court agrees with the decisions of these cases.

C.   INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner contends that his counsel was ineffective for failing to move for a downward departure or variance based on the inequitable treatment Petitioner would receive by the Bureau of Prisons because of Petitioner's status as a deportable alien.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel,

---

[15] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

[16] *Avila-Sanabria v. United States*, 2007 WL 2688244, *1-2 (D. Utah Sept. 11, 2007) (citing cases).

[Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[17]

To successfully claim ineffective assistance then, Petitioner must show two things.  First, he must show that Counsel functioned deficiently.[18]  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[19]  Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[20]  "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[21]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[22]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[23]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[24]  Finally, there is "a strong presumption that counsel

---

[17]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[18]*Strickland*, 466 U.S. at 687.

[19]*Id*.

[20]*Id*.

[21]*Id*.

[22]*Id*.

[23]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[24]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[25]

The case of *United States v. Smith*,[26] cited by Petitioner provides authority that Petitioner's counsel could have filed a motion for downward departure on the grounds of Petitioner's status as a deportable alien.[27] However, *Smith* does not require such a departure.[28] Further, the Tenth Circuit has held that collateral consequences of deportable alien status do not provide grounds for a downward departure.[29] At sentencing, Petitioner's counsel sought a downward departure or variance on a number of grounds, such as aberrant behavior, minimal participation, and extreme or extraordinary hardship.[30] Petitioner's counsel did not make the argument advanced by Petitioner presumably because it would not succeed. Under these circumstances, the Court cannot find that Petitioner's counsel's performance fell below an objective standard of reasonableness.

D.  EQUAL PROTECTION

To the extent that Petitioner raises an equal protection claim, "this claim is properly brought under 28 U.S.C. § 2241, rather than under § 2255, because it concerns the *execution* of

---

[25] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[26] 27 F.3d 649 (D.C. Cir. 1994)

[27] *Id*. at 655.

[28] *United States v. Acevedo*, 2000 WL 764563, at *2 (D. Kan. 2000)

[29] *United States v. Mendoza-Lopez*, 7 F.3d 1483, 1487 (10th Cir. 1993).

[30] Docket No. 231 in Case No. 2:07-CR-572 TS.

his sentence."[31]  A petition under 28 U.S.C. § 2241 must be filed in the district court where the prisoner is confined.[32]  Here, Petitioner is confined in California, not Utah.  Thus, the Court lacks jurisdiction to consider Petitioner's § 2241 claim.  While normally the Court would transfer Petitioner's claim, because Petitioner's claim is without merit, it will be dismissed.[33]

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's Original § 2255 Motion (Docket No. 1 in Case No. 2:09-CV-73 TS) is DENIED for the reasons set forth above.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:09-CV-73 TS forthwith.

SO ORDERED.

DATED   April 22, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[31] *United States v. Tamayo*, 162 Fed.Appx. 813, 815 (10th Cir. 2006)

[32] *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).

[33] *See Tamayo*, 162 Fed.Appx. at 815-16.